UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

VINCE VERNOR,
Plaintiff,
v.
CAROLYN W. COLVIN, Commissioner of Social Security,
Defendant.

NO. CV-10-0371-JLQ

MEMORANDUM OPINION AND ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are Cross-Motions for Summary Judgment. (ECF NO. 28 & 35). Plaintiff is represented by attorney **Lora Lee Stover**. Defendant is represented by Assistant United States Attorney **Pamela J. DeRusha** and Special Assistant United States Attorney **Lisa Goldoftas**. This matter was previously before Magistrate Judge John T. Rodgers. It was reassigned to the undersigned for all further proceedings on October 29, 2013. The court has reviewed the administrative record and the parties' briefs. The case was submitted for decision without oral argument via Order of this court on November 5, 2013.

This court's role on review of the decision of the Administrative Law Judge (ALJ) is limited. The court reviews that decision to determine if it was supported by substantial evidence and contains a correct application of the law. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). This court is obligated to affirm the ALJ's findings if they are supported by substantial evidence and the reasonable inferences to be drawn therefrom. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion.

## I. JURISDICTION/PROCEDURAL HISTORY

The procedural history of this case is quite complex. Plaintiff, Vince Vernor, initially applied for disability benefits in 2004, when he was 46 years-old. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing and a hearing was held on February 27, 2007, before Administrative Law Judge Richard Slay. (ECF No. 28, p. 2). Plaintiff was unrepresented at that hearing, and in April 2007, the ALJ issued an opinion denying benefits. Plaintiff appealed that decision to the Appeals Council and also filed another application for disability benefits in 2007. On April 6, 2010, the Appeals Council issued an Order remanding Plaintiff's 2007 application and also ordered that the 2007 and 2004 applications be consolidated. (ECF No. 28, p. 3 citing TR[1] 497-499).

On remand, Plaintiff's disability claims were before a different Administrative Law Judge, Gene Duncan. On May 7, 2010, he issued a decision denying benefits to Plaintiff. (ECF No. 9-2, p. 19-38)[2]. Plaintiff requested review of ALJ Duncan's decision by the Appeals Council, and the Appeals Council denied review on August 24, 2010. The decision of the ALJ became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). The Complaint was filed in this court on October 21, 2010. In August 2011, the parties stipulated to a remand in order to correct deficiencies in the administrative record. The parties had "discovered that records from a prior

[1]This citation is to the paper copy of the record available in the Clerk's Office, docketed at ECF Nos. 24 & 25, but not viewable on-line.

[2]The Administrative Record was originally filed electronically at ECF No. 9. After additional records were obtained, a paper copy of the record was filed as noted at ECF No. 24 & 25. Unfortunately, the 738 pages at ECF No. 9 do not correspond to the first 738 pages of the paper record.

claim addressed in the decision of the Administrative Law Judge were not included in the administrative record." (ECF No. 16). On February 28, 2013, the parties moved to reopen this case and counsel for the Commissioner stated that the missing records had been located and that Plaintiff's counsel was in agreement that the new certified administrative record appeared to be complete. (ECF No. 23). Additional documents were filed with the court. (ECF No. 24). As a result, the administrative record in this case is multi-volume and consists of nearly 1,800 pages.

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, benefits are denied. If he is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the

disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the inquiry proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## III. STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722

F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

## IV. STATEMENT OF FACTS

The facts are contained in the medical records, administrative transcript, and the ALJ's decision, and are only briefly summarized here. At the time the ALJ issued his decision in 2010, Plaintiff was 51 years old. Plaintiff has a high school education. Plaintiff's primary work history was as an elevator operator and warehouse worker. Plaintiff alleged disability based on back pain, depression, and anxiety. Plaintiff has a history of drug and alcohol abuse, which he acknowledges, and also claims to have successfully completed treatment. (ECF No. 28, p. 4).

## V. COMMISSIONER'S FINDINGS

The ALJ found at **Step 1** that Plaintiff had not engaged in substantial gainful activity since April 1, 2004, the alleged onset date.

At **Step 2**, the ALJ found the medical evidence established the following

severe impairments: degenerative disc disease, depression lumbar and cervical spine, depression, anxiety, personality disorder, alcohol dependence, and cocaine dependence, in full remission (ECF No. 9-2, p. 22).

At **Step 3**, the ALJ found that Plaintiff's impairments, when considering his substance abuse, did medically equal Listings 12.04 (affective disorders), 12.06 (anxiety-related disorders), 12.08 (personality disorders), and 12.09 (substance addiction) as described in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)). The ALJ also found that if the Plaintiff stopped substance use, that he would still have severe impairments, but that none of these impairments would meet the Listings. (ECF No. 9-2, p. 23).

At **Step 4**, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and found that if Plaintiff stopped the substance abuse he would have the RFC to perform light work. The RFC also contained additional limitations to account for Plaintiff's physical and mental impairments. The ALJ further found Plaintiff should not have direct access to drugs or alcohol, should not perform high stress work, and should not be in charge of the care of others. The ALJ concluded that if Plaintiff stopped his substance abuse, he would be able to perform past relevant work as an elevator operator.

At **Step 5** the ALJ concluded, relying on the testimony of a vocational expert, that Plaintiff was capable of performing other work that exists in significant numbers in the national economy. Specifically, the vocational expert identified the jobs of courier, toll collector, and parking lot attendant. (ECF No. 9-2, p. 37).

Finally, the ALJ concluded that Plaintiff would not be disabled if he stopped substance abuse, and therefore his substance abuse was a contributing factor material to the determination of disability. (ECF No. 9-2, p. 37). The ALJ concluded Plaintiff was not disabled.

## VI. ISSUES

Plaintiff's briefing identifies five issues for review: 1) did the ALJ err in improperly rejecting the opinions of Dr. Martin and Dr. Bozarth; 2) did the ALJ err in assessing Plaintiff's RFC;  3) did the ALJ pose an improper hypothetical to the vocational expert; 4) did the ALJ err in assessing Plaintiff's credibility; and 5) does the record as a whole support the ALJ's determination? (ECF No. 28, p. 7-8). Perhaps because issues 2 and 5, as identified by the Plaintiff, are quite general the Defendant states that there are three issues on appeal: 1) whether the ALJ properly evaluated the medical opinions of record; 2) whether the ALJ erred in assessing Plaintiff's credibility; and 3) whether the Step 5 finding was based on an improper hypothetical.  The court will set forth the three issues as identified in Defendant's brief, but also will consider within its analysis of those issues whether the ALJ's RFC determination was correct, and whether the determination of non-disability is supported by substantial evidence.

Plaintiff does not challenge the finding that his substance abuse was a material contributing factor in the disability determination.

## VII. DISCUSSION

### A. Did the ALJ err in Rejecting the Opinions of Dr. Martin and Dr. Bozarth?

Plaintiff argues that the ALJ improperly rejected the opinions of Drs. Martin and Bozarth.  In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: 1) treating physicians, who actually treat the claimant; 2) examining physicians, who examine but do not treat the claimant; and 3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is given to the opinion of the treating physician than to the opinions of non-treating physicians. *Id.*  If a treating physician's opinion is uncontradicted, it may be rejected only for clear and convincing reasons, and if it is contradicted, it may be rejected for specific and legitimate reasons supported by

substantial evidence in the record. *Id.* Generally more weight is given to the opinion of an examining source than to a non-examining source. *Id.* at 830-31. An ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc.Sec. Admin*, 359 F.3d 1190, 1195 (9th Cir. 2004) see also *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Neither Dr. Martin or Dr. Bozarth are treating physicians. Dr. Bozarth is an examining physician who saw Plaintiff on one occasion and performed a consultative exam. Dr. Martin, Ph.D., is a non-examining clinical psychologist who reviewed Plaintiff's medical records and testified at the administrative hearing, but did not examine Plaintiff.

Dr. Martin testified that her review of the records indicated that Plaintiff had tested positive for cocaine, methamphetamine, and marijuana in November 2007. (ECF No. 9-2, p. 58). She testified she thought Plaintiff's drug and alcohol abuse had a material contributing effect on his other impairments. (*Id*. at 59). She stated that cocaine could contribute to Plaintiff's feelings of anxiety and that "alcohol is material in spite of the fact that Mr. Vernor does not feel that it is." (*Id.* at 60). She testified that the records indicated the medications, such as Cymbalta, had been very helpful with his depression and anxiety. (*Id.* at 62). She stated that he has moderate difficulty being around people "although he does seem to pretty much always have friends and he's able to move in and live with friends." (*Id.* at 63). Dr. Martin testified that Plaintiff, even absent consideration of his drug and alcohol abuse, had several "moderate" limitations in areas such as: maintain regular attendance; ability to work in coordination or proximity to others; ability to complete a normal workday or week without interruption and perform at a consistent pace; interacting with the general public; and getting along with co-workers and peers without distracting them. (*Id*. at 67). Dr. Martin then clarified

her opinion by stating there was not evidence in the record showing that he actually had problems with work attendance and explaining that by "moderate", she meant "there's going to be some problems there, but not enough to seriously cause a problem with work functioning." (*Id.* at 68-69).

Plaintiff argues that the ALJ improperly rejected Dr. Martin's opinions. The ALJ discussed the opinion of Dr. Martin, and stated he gave that opinion "significant weight". Dr. Martin found Plaintiff to have several moderate limitations, but defined moderate as having some problems but not enough to cause a problem with work functioning. The ALJ found that Dr. Martin's opinion supported a finding of not disabled. (ECF No. 9-2, p. 34). The ALJ gave clear and convincing reasons for his assessment of Dr. Martin's opinion, and did not reject it, but rather gave it "significant weight".

The ALJ also discussed the opinion of Dr. Bozarth. Dr. Bozarth is not a treating physician. Dr. Bozarth is a neurologist who conducted a consultative exam of Plaintiff. The ALJ discussed in detail Dr. Bozarth's consultative examination of November 13, 2009. (ECF No. 9-2, p. 29). Plaintiff reported to Dr. Bozarth that he could only sit or walk for 30 minutes, and stand for 20 minutes. (Tr. 1001). In the "Diagnosis" section of his report, Dr. Bozarth noted that Plaintiff "had no pain behavior" exhibited during his exam. He further stated that Plaintiff described anxiety and depression "but today at the time of this evaluation he is entirely appropriate and had a normal affect." (Tr. 1005). Dr. Bozarth found that Plaintiff could sit for 6 hours in an 8-hour day, stand for 2 hours in an 8-hour day, and walk for 2 hours in an 8-hour day. (Tr. 1006). Bozarth found Plaintiff could lift 20 pounds occasionally and 10 pounds frequently. (*Id.*).

Plaintiff argues that Dr. Bozarth's assessment supports a finding that Plaintiff could do only sedentary work, as opposed to light work. "Light work" is defined in pertinent part as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

C.F.R. § 404.1567. Dr. Bozarth's opinion does not appear to be inherently inconsistent with the ALJ's assessment that Plaintiff could perform "light work". Additionally the ALJ did not find Plaintiff could perform a full range of light work, but rather found he could perform light work with additional restrictions.

The ALJ's decision demonstrates that he considered Dr. Bozarth's consultative report. The ALJ "acknowledged that Dr. Bozarth completed a thorough physical evaluation of the claimant." (ECF No. 9, at 33). However, the ALJ found that the limitations provided by Dr. Bozarth appeared to be influenced by Plaintiff's subjective statements, and not supported by objective findings which "did not reveal any signs of weakness and the claimant's gait and station was normal." (*Id.* at 33). Dr. Bozarth's report did find "tone is normal" in lower extremities and "strength is normal in upper and lower extremities". (Tr. 1005). Dr. Bozarth further found normal gait and no atrophy in upper or lower extremities. The ALJ gave clear and convincing reasons for the weight given to Dr. Bozarth's opinion.

B. **<u>Did the ALJ Err in Assessing Plaintiff's Credibility</u>**?

The ALJ found that Vernor's medically determinable impairments could be expected to produce the alleged symptoms, but that he was not fully credible as to the intensity, persistence, and limiting effects of the symptoms. (ECF No. 9-2, p. 26). The ALJ gave numerous reasons for his credibility determination. The ALJ found that Vernor's testimony concerning his ability to sit, stand, and walk was inconsistent with what he and third-parties had reported on function reports. (Id. at 27). Further, the ALJ found Vernor's testimony regarding the ability to sit for

only 15 minutes to be inconsistent with the ALJ's observations at the hearing. (Id.).[3] The ALJ also offered several examples of where he found Plaintiff's allegations to be inconsistent with the medical objective findings, for example: "The claimant also alleged having a seizure disorder; however, the treatment record indicates the claimant has not been diagnosed with a seizure disorder." (ECF No. 9-2, p. 29).

In deciding whether to accept a claimant's subjective symptom testimony, the ALJ "must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The *Cotton* analysis comes from the Ninth Circuit's opinion in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), and thereunder the claimant must: 1) produce objective medical evidence of an impairment or impairments; and 2) show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Smolen*, 80 F.3d at 1281-82. If a claimant meets the *Cotton* test, then the ALJ may reject the claimant's testimony regarding the severity of symptoms only based on specific, clear, and convincing reasons. *Id.* at 1284.

The record contains many reasons to question Plaintiff's credibility. First,

---

[3] Basing a credibility determination on how much pain or discomfort the claimant appears to be in at a hearing is inappropriate and rejected by the Ninth Circuit as the "sit and squirm test". However, here the ALJ gave several other reasons supporting his credibility determination. See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986)("The ALJ's decision included an evaluation of [claimant's] testimony, the stated opinions of both the examining and treating physicians, objective medical evidence, and [claimant's] demeanor at the hearing. The inclusion of the ALJ's personal observations does not render the decision improper.")

at the hearing before the ALJ in October 2009, Plaintiff testified that he had not used cocaine for five to six years. (ECF No. 9-2, p. 54). However, less than two years earlier, in November 2007, he had tested positive for cocaine use. (*Id.* at 58; Tr. 646). The ALJ noticed this discrepancy: "urine drug test from November 2007 was positive for illicit drugs indicating the claimant may not have been completely forthright regarding his substance use." (ECF No. 9-2, p. 35).

Second, Plaintiff has numerous instances of conduct which could be considered a failure to follow medical treatment. He twice was scheduled for surgery on his back, but both times was arrested shortly before the surgery. After the second cancellation, the surgeon who was to perform the surgery refused to reschedule. Plaintiff was arrested for assault during the alleged period of disability, and apparently sentenced to eight months. There are also references in the medical record that Plaintiff was advised that he had to quit smoking before he could undergo back surgery (See for example, ECF No. 9, p. 502), yet Plaintiff did not quit smoking. Evidence that Plaintiff is not following a prescribed course of treatment, can stand as a convincing reason to question his credibility. See *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2008)("If a claimant complains about disabling pain but fails to seek treatment, or **fails to follow a prescribed treatment**, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated.")(emphasis supplied).

Third, and of import, several medical professionals expressed doubt as to Plaintiff's credibility. In September 2004, a disability examiner, Gene Boyer, in conducting an RFC assessment stated that, "Claimaint's allegation of total disability is not fully credible." (Tr. 317). Psychologist John McRae, Ph.D., in July 2007, stated, "I continue to believe that he overstates some symptoms and limitations." (Tr. 797). Dr. James Bailey, Ph.D., in November 2007, stated he was "not fully credible" and that his "objective presentation in interview is not consistent with reported symptoms." (Tr. 848). The ALJ noted that Dr. McRae's

assessment was "suggestive of a degree of exaggeration or malingering of symptoms." (ECF No. 9-2, p. 31).

The ALJ's credibility determination was based in part on an assessment that Plaintiff's subjective reporting was not consistent with the objective medical findings. It was further based on evidence in the medical record suggestive of malingering and inconsistent testimony by the Plaintiff concerning his drug use. Those are specific, clear and convincing reasons supported by the record. It is the role of the ALJ to assess credibility and weigh the evidence, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

C. **Did the ALJ Err at Step 5**?

Plaintiff's argument is that the vocational expert's testimony was based upon an incomplete hypothetical. The ALJ's hypothetical was based on Plaintiff's residual functional capacity ("RFC"). The RFC determination is supported by substantial evidence. An ALJ is required to include only those limitations he finds supported by substantial evidence in his hypothetical question. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001). The ALJ is not required to include Plaintiff's subjective reports of limitations if he has found such limitations not credible. See *Spindel v. Commissioner*, 333 Fed.Appx. 174, 179 (9th Cir. 2009)("Although the hypothetical did not contain all of the impairments that [claimant] claims limit his ability to work, the ALJ had no obligation to include limitations identified in reports of treating physicians or limitations based on [claimant's] subjective testimony, both of which the ALJ had discredited."); *Lewis v. Barnhart*, 220 Fed.Appx. 545, 548-49 (9th Cir. 2007)("the ALJ properly found that [claimant] was not credible after stating specific and legitimate reasons for disbelieving him. There was also substantial evidence in the record supporting the ALJ's adverse credibility finding. Therefore, the ALJ did not err in limiting the symptoms presented in her hypothetical."). The ALJ did not err in framing the

hypothetical questions or relying on the vocational expert's testimony.

## VIII. CONCLUSION

As stated, *supra,* the court's role in reviewing this matter is limited and the court is obligated to affirm the ALJ's findings if they are supported by substantial evidence. The Commissioner's and ALJ's decision herein is, in fact, supported by substantial evidence in the record and based on proper legal standards. That decision must therefore be affirmed. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 28) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 35) is **GRANTED.**

3. The Clerk is directed to enter Judgment dismissing the Complaint and the claims therein with prejudice.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order, enter Judgment as directed above, and close this file.

DATED this 30th day of January, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE